UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 1:11-CR-0121-LRS-1 |
|---|---|
| Plaintiff/Respondent, | |
| vs. | **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| CHARLES LEE GILLENWATER, II, | |
| Defendant/Petitioner. | |

BEFORE THE COURT is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 361).

## I. BACKGROUND

This matter arises from the conviction by jury trial of Petitioner Charles Lee Gillenwater. In August 2011, the Grand Jury returned an Indictment charging Gillenwater with two counts of Transmission of Threatening Interstate Communications to a government employee in violation of 18 U.S.C. § 875(c). The Government filed a Superseding Indictment adding a third count of Transmission of Threatening Communication by U.S. Mail in violation of 18 U.S.C. § 876(c). After the federal public defender moved to withdraw, the court appointed attorney Frank Cikutovich to represent Gillenwater.

ORDER - 1

In September 2011, then Chief Judge Rosanna Peterson ordered a psychological evaluation and a competency hearing. On January 6, 2012, a competency hearing was held where a disruptive outburst from Gillenwater prompted the court to remove him from the courtroom. On interlocutory appeal from the court's order declaring Gillenwater incompetent to stand trial, the Ninth Circuit Court of Appeals ruled that Gillenwater's constitutional right to testify at the competency hearing had been violated and remanded the matter for a new competency hearing. *See U.S. v. Gillenwater*, 717 F.3d 1070 (9th Cir. 2013)("*Gillenwater I"*).

On remand, the case was reassigned to the undersigned judge. On September 24, 2013, the court determined that Gillenwater was not competent to stand trial and authorized involuntary medication with haloperidol decanoate pursuant to *Sell v. U.S.*, 539 U.S. 166 (2003). Gillenwater appealed the involuntary medication order and the Ninth Circuit affirmed the court's Order in *U.S. v. Gillenwater*, 749 F.3d 1094 (9th Cir. 2014) ("*Gillenwater II"*). On December 15, 2014, the U.S. Supreme Court denied Gillenwater's pro se petition for rehearing.

On June 16, 2015, the court entered an Order declaring Gillenwater competent to stand trial. On June 30, 2015, Gillenwater was convicted of Counts 2 and 3 (a §875(c) and §876(c) violation). Gillenwater was sentenced to time served followed by a three-year term of supervised release. (ECF No. 331).

Gillenwater appealed his conviction claiming first that the 4-year pretrial delay violated his constitutional right to speedy trial and prejudiced his defense at sentencing and second, challenging the denial of his Rule 29 motion for acquittal. The Ninth Circuit Court of Appeals rejected his arguments noting that the delay was "largely attributable to Gillenwater's own appeals and the district court's efforts to restore him to competency." *U.S. v. Gillenwater*, 669 Fed.Appx. 844 (9th Cir., Oct. 18, 2016)("*Gillenwater III*"). Gillenwater petitioned the U.S. Supreme Court for writ of certiorari, but the petition was denied on February 27, 2017 and became final on that day. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

Gillenwater timely filed his § 2255 motion on April 10, 2017. 28 U.S.C. § 2255(f)(1). He asserts at least 14 grounds under which he claims relief: (1) Defendant's right to speedy trial under the Sixth Amendment was abridged; (2) the court was without jurisdiction to act upon "the first of many deprivations of fundamental…rights" (ECF No. 361-1 at 8; (3) 28 U.S.C. § 3161(h)(1)(a) is unconstitutional because authority has been "usurped from the impartial Jury"; (4) Local Rule 83.2(d) abridged the Defendant's right of access to the court; (5) the court's order directing the involuntary administration of antipsychotic medication violated the Conventions Against Torture, and 18 U.S.C. §2340 18 U.S.C. § 2340A, which are "unconstitutionally narrow"; (6) 18 U.S.C §875(c) and §876(c) are unconstitutional and violate due process because the law imposes "strict liability"

ORDER - 3

and "usurp[s] the domain of the impartial Jury" (ECF No. 361-1 at 10); (7) Petitioner's right to speedy trial was violated when his pretrial incarceration exceeded 70 days without jury authorization; (8) the judge tampered with a witness by violating Defendant's right to speedy trial and ordering forced medication; (9) deprivation of due process "in the absence of unanimous determination by an impartial Jury" (ECF No. 361-1 at 11); (10) the trial judge's evidentiary ruling violated Federal Rule of Evidence 702 thereby violating Defendant's constitutional rights; (11) improper delegation of discretionary power to the court usurping the right to an impartial trial by jury; (12) adverse evidentiary ruling violated the Defendant's right to have a jury determine "relevancy and admissibility issues." (13) ineffective assistance of counsel (asserting numerous grounds against pretrial, trial, and appellate counsel); and (14) Defendant is entitled to retrial due to the deprivation of constitutional rights.

## II. JURISDICTION AND LEGAL STANDARDS

This court has jurisdiction by virtue of 28 U.S.C. § 2255.

*A. Custody Requirement*

A petition for writ of habeas corpus under 28 U.S.C. § 2255 may only be filed by "[a] prisoner in custody." The "in custody" requirement is jurisdictional in nature and applies at the time the petition is filed. *United States v. Reves*, 774 F.3d 562, 564–65 (9th Cir. 2014). Although Gillenwater is no longer incarcerated,

Gillenwater is serving a term of Supervised Release which is set to expire on September 22, 2018. The Ninth Circuit has held that a federal defendant who is "subject to supervised release ... is in 'custody' ... [and] may seek relief pursuant to 28 U.S.C. § 2255." *Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir.2002) (*citing Jones v. Cunningham*, 371 U.S. 236, 242–43, (1963)).

*B. Cognizable Claims and Preliminary Review*

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four narrow grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If there is no alleged lack of jurisdiction or constitutional error, there is no basis for collateral relief under § 2255 unless the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U.S.*, 417 U.S. 333, 346 (1974)(quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)). The burden is on the Petitioner to show his entitlement to relief under § 2255 including his entitlement to an evidentiary hearing.

The court notes that Petitioner has made an assertion of lack of jurisdiction in the underlying case. Such assertions do not deprive this court of jurisdiction to

adjudicate the § 2255 Motion as the statute enumerates jurisdiction for the very purpose of determining whether the trial court lacked jurisdiction.

The §2255 Motion is subject to preliminary review to determine whether an Answer or other response is required. Rule 4(b), Rules Governing § 2255 Proceedings. A district court may deny a § 2255 motion without an evidentiary hearing if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). It is also well-settled that the law of the case doctrine precludes the reexamination of issues decided, either expressly or by necessary implication, in a previous appeal. *See United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) (*citing In re Rainbow Magazine, Inc*., 77 F.3d 278, 281 (9th Cir. 1996) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case"); *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion") (some citations omitted)).

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir.1996) (Schroeder, C.J ., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out

frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings (citing Advisory Note governing Rule 4 in §2254 cases). The court has completed this review.

*C. No Right to Jury on § 2255 Motion*

Rule 4 governing §2255 motions dictates that, absent unique circumstances, §2255 motions are properly assigned to the original sentencing judge. *See Farrow v. United States*, 580 F.2d 1339, 1348–51 (9th Cir. 1978)(en banc)(describing why there is no impropriety in this and its advantages); *King v. United States*, 576 F.2d 432, 436–38 (2d Cir.), cert. denied, 439 U.S. 850 (1978).

Petitioner's Motion alleges that both the undersigned and the initially assigned judge deprived him of his fundamental rights and proceeded without jurisdiction. It further alleges that the court abused its discretion in failing to recognize the supremacy of constitutional rights over statutory law (ECF No. 361-1 at 22), and that a jury should "make a judgement of the appropriateness of the judges conduct." (ECF No. 361-1 at 24).

There is no right to a jury trial in habeas corpus proceedings. 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice requires." *See also*, 6A FED.PROC., L.ED. §41.105(Mar. 2017) ("No constitutional right to trial by jury exists because the

Seventh Amendment preserves trial by jury only insofar as that right was recognized by common law or by statute prior to the adoption of the Constitution, and habeas corpus issues had historically been tried to the court alone."). Having presided over the trial and sentencing, this court has knowledge of the circumstances of this case. The court has an obligation to carefully review all habeas corpus proceedings and has "every reason to welcome the opportunity to correct any inadvertent aggravation of injustices" that provide grounds for relief to the habeas petitioner. *Farrow v. U.S.*, 580 F.2d 1339, 1350 (9th Cir. 1978).

**III. DISCUSSION**

*A. Claim One –Speedy Trial*

Petitioner first asserts that he was unconstitutionally denied his right to speedy trial under the Sixth Amendment. He contends the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A)(excluding delay resulting from proceeding concerning mental competency), is unconstitutional as applied because it delegates discretionary authority to the court to toll speedy trial period in the absence of a "willful and knowing waiver or unanimous determination by an impartial jury." (ECF No. 361 at 4).

Petitioner already sought ruling on his constitutional right to speedy trial on direct appeal and the Ninth Circuit rejected the claim in *Gillenwater III*. Since review under § 2255 is not available to claims that have been previously rejected on

their merits on direct appeal, this claim is not reviewable. Although Gillenwater's appeal did not raise the constitutionality of § 3161(h)(1)(A), this analysis likewise would revert to the application of the constitutional speedy trial principles enunciated in *Barker v. Wingo*, 407 U.S. 514 (1972), which the Ninth Circuit has already concluded he failed to demonstrate. Accordingly, it would be superfluous for this court to address the contention that the Speedy Trial Act unconstitutionally accords discretion to the court. *See e.g., U.S. v. Bounos*, 730 F.2d 468, 471–472 (7th Cir. 1984); *see also*, *U.S. v. Brainer*, 691 F.2d 691, 699 (4th Cir. 1982)(holding the Speedy Trial Act constitutional both on its face and as applied and stating the possibility the Act would prevent the judiciary from accomplishing its constitutionally assigned functions "would appear remote.").

*B. Claim Two - Jurisdiction*

Petitioner argues his conviction is void because the court lost jurisdiction when it deprived him of specific Constitutional rights citing "the moment that Judge Peterson denied the Defendant an opportunity to testify" at the initial competency hearing, the violation of his right to speedy trial, and the violation of due process and liberty interests by ordering the involuntary administration of medication. Petitioner relies upon *Johnson v. Zerbst*, 304 U.S. 458 (1938), a decision elaborating on the right to counsel to indigent defendants and the broadening of habeas corpus review to constitutional (non-jurisdictional) deficiencies. In nineteenth century habeas

corpus jurisprudence, the scope of habeas review was typically confined to determining whether or not the court had jurisdiction. *U.S. ex rel New v. Rumsfeld*, 448 F.3d 403 (D.C. Cir. 2006)(explaining evolution of habeas review over time). The *Johnson* Court held that jurisdiction, though present at the beginning of the trial, was "lost" in the course of trial by the failure to provide counsel for the accused. The Court said that a violation of the Sixth Amendment "stands as a jurisdictional bar to a valid conviction and sentence." Although the Court attached jurisdictional significance to the right to failure to appoint counsel, when the Court later expanded the availability of habeas relief to other constitutional violations, it did so without claiming that the denial of these rights by the trial court would have denied it jurisdiction. *See Custis v. U.S.*, 511 U.S. 485, 494-495 (1994)(explaining evolution of the habeas jurisprudence).

*Johnson*'s jurisdictional requirements were not violated in this case as the Petitioner was represented by counsel at trial. Moreover, the court unequivocally had jurisdiction when the Ninth Circuit remanded the matter with directions that the Petitioner's right to testify at the competency hearing be respected. A narrow examination of jurisdiction is unnecessary to consider whether the alleged constitutional claims have a basis in law and fact. Because the Ninth Circuit has already found that Petitioner's right to speedy trial was not violated and the court's

involuntary medication order was constitutionally permissible under *Sell v. United States*, §2255 relief on these claims is precluded under the law of the case doctrine.

*C. Claims Three and Seven – Speedy Trial Act*

Petitioner's third claim argues that 28 U.S.C. § 3161(h)(1)(A) is unconstitutional "because it usurps the authority of the impartial Jury to deprive a Citizen's fundamental right to speedy trial…" (ECF No. 361 at 7). His seventh claim contends the application of § 3161(h)(1)(A) "resulted in the criminal defendant's detention exceeding 70 days," thereby denying his constitutional speedy trial rights "without Jury authorization." (ECF No. 361 at 11). For the reasons Claim One must be dismissed, so must Claims Three and Seven.

*D. Claim Four – Local Rule 83.2(d)*

Petitioner contends Local Rule 83.2.(d) is unconstitutional and its application resulted in the denial of his due process rights and the denial of his right to access the courts "for the purpose of accusing defense counsel of demanding $10,000 in order to call the witnesses which the criminal defendant desired." On January 18, 2012, Judge Peterson entered an Order striking the *pro se* motions filed by the Defendant and reminding Defendant that the local rules prohibit a party from proceeding *pro se* once an attorney has appeared on that party's behalf. (ECF No. 97).

The cited Local Rule follows well established law that a criminal defendant has the constitutional right to either appear pro se or by counsel, but has no corresponding constitutional right to act as co-counsel on his own behalf. *U.S. v. Maxwell*, 778 F.3d 719 (8th Cir. 2015), cert. denied, 135 S. Ct. 2390 (2015) and cert. denied, 135 S. Ct. 2827 (2015) and cert. denied, 136 S. Ct. 176 (2015) and cert. denied, 136 S. Ct. 319 (2015); *U.S. v. Graham*, 682 F. Supp. 2d 286 (W.D. N.Y. 2010), aff'd, 504 Fed. Appx. 63 (2d Cir. 2012), cert. denied, 134 S. Ct. 207 (2013). This protects the Sixth Amendment rights to counsel and to self-representation. This claim does not set forth an arguable error of constitutional magnitude which had an injurious effect on the proceedings.

*E. Claim Five – Involuntary Medication*

Petitioner contends the forced administration of medication constitutes torture under and violates the United Nations Conventions Against Torture (CAT) and the court in ordering the medication violates the Constitution by "committing a federal offense" under 18 U.S.C. §2340 and §2340A[1]. Petitioner's claim fails to invoke a

---

[1] Section 2340A provides, "Whoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both ...." 18 U.S.C. § 2340A. "Torture" is defined as "an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful

constitutional provision and his claim involves the conditions of his pretrial detention, and therefore fails to state a cognizable claim. *See e.g., Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991) (habeas is the mechanism to challenge the legality or duration of confinement and civil rights action is proper method of challenging conditions of confinement). The CAT does not create private rights enforceable in §2255 proceedings. The U.S. Supreme Court has already made clear in *Sell v. United States*, 439 U.S. 166 (2003) that forced medication of an accused is constitutionally permissible in "limited circumstances." *Sell*, 539 U.S. at 169. The *Sell* factors have already been reviewed by this court and the Ninth Circuit and were resolved against the Petitioner.

*F. Claim Six – 18 U.S.C. §§875(c) and 876*

Petitioner contends the statutes of conviction, 18 U.S.C. § 875(c) and §876(c) are unconstitutional because they "are structured in such a way as to impose…[s]trict [l]iability" which "usurp[s] the domain of the impartial [j]ury." (ECF No. 361-1 at 10). Although 875(c) contains no explicit men rea element, the statute is not presumed to establish a strict liability offense, because the "mere omission from [the statute] of any mention of intent will not be construed as eliminating that element from the crimes denounced." *Morissette v. United States*, 342 U.S. 246, 263 (1952);

---

sanctions) upon another person within his custody or physical control." 18 U.S.C. § 2340 (emphasis added).

ORDER - 13

*see also, Elonis v. U.S.*, 135 S.Ct. 2001, 2009 (2015). The Ninth Circuit held in *United States v. Twine*, 853 F.2d 676 (9th Cir. 1988) that "we made it clear that § 875(c) (and therefore § 876) did not define a strict liability offense." 853 F.2d at 680. Petitioner's Motion does not state a basis in law for Claim Six.

*G. Claim Eight – Witness Tampering*

In Claim Eight, Petitioner repeats earlier asserted speedy trial and forced medication claims, and contends that by ordering the Defendant's detention and medication, Chief Judge Peterson engaged in misconduct by witness tampering (of the Defendant) and committed an abuse of discretion. (ECF No. 361 at 12). The allegation of witness tampering, based upon the court's rulings, is patently frivolous and cannot be the basis for habeas relief.

*H. Claims Nine, Eleven, and Twelve – "Usurpation of the Jury's Domain"*

Petitioner contends in Claims Nine, Eleven, and Twelve that his right to due process was deprived by "usurpation of the Jury's domain." These claims incorporate the allegations of his other claims and adds the contention this court refused to allow the Defendant to call his desired witnesses and enter exculpatory evidence into the record. (ECF No. 361 at 12). It is Petitioner's primary contention in this § 2255 Motion that *Marbury v. Madison* is being ignored and that the Constitution mandates that juries, not judges, make pretrial or evidentiary rulings that touch upon or impact fundamental rights. (ECF No. 361-1 at 22-24).

The phrase "usurping the province of the jury," has been characterized as "empty rhetoric." Notes of Advisory Committee on Federal Rules of Evidence, Rule 704 (1972 proposed rules). *See* McElhaney, Expert Witnesses and the Federal Rules of Evidence, 28 Mercer L Rev 463, 472, n.45 (1977) ("'Usurping the province of the jury' is an unfortunate hyperbole, rightly derided."). The judge and the jury each have very important and vital functions to perform. The heavy primary responsibility of safeguarding the fundamental rights and deciding questions of law rests on the trial court. The reliability and admissibility of evidence in a criminal case is at the forefront of a trial court's gatekeeping role. In granting continuances and deciding competency issues, the judge is not usurping the function of the jury. These essential functions of a judge do not involve addressing the merits of the case and deciding what is truth, credibility, or guilt or innocence. Petitioner's Motion fails to state any colorable basis for his claim that he was denied the right to jury trial.

### I. *Claim Ten – Federal Rule of Evidence 702 and Fifth Amendment*

Claim Ten pertains to the court's consideration of the testimony and report of defense witness Dr. C. Robert Cloninger at a pretrial evidentiary hearing on competency, when Cloninger had never examined Gillenwater. Petitioner contends the court's consideration of the evidence violated Federal Rule of Evidence 702 and although the prosecutor objected, neither "the Judge nor Defense counsel rose to

challenge the admissibility of Dr. Cloninger's testimony." Claimed errors in the adequacy of evidentiary rulings are ordinarily not cognizable under § 2255. Such a claim, if cognizable under §2255, is so only if the allegation, if proved, would constitute a denial or infringement of a constitutional right or if it would result in a defect seriously affecting the fundamental fairness of the trial. Petitioner claims it infringed upon the Fifth Amendment privilege against self-incrimination. (ECF No. 361-1 at 12). Petitioner fails to allege a colorable basis for a Fifth Amendment claim where the examination was occasioned by and used for the "neutral purpose of determining his competency to stand trial." *Estelle v. Smith*, 451 U.S. 454, 465 (1981).

*J. Claim Thirteen – Ineffective Assistance of Counsel*

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that 1) counsel's actions were "outside the wide range of professionally competent assistance," and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Petitioner fails to state a claim for

ineffective assistance by failing to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim. Stated differently, "[t]o be entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (*quoting Strickland*, 466 U.S. at 687, 689). The court evaluates "counsel's performance from [their] perspective at the time of that performance, considered *in light of all the circumstances*, and we indulge a strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.' " *Medina*, 71 F.3d at 368 (emphasis added).

Petitioner's Motion makes numerous vague and conclusory allegations against *all* of his court-appointed attorneys, claiming they violated his right to effective assistance of counsel. Specifically, he alleges:

- Robert Fisher "tried to steal exculpatory evidence which was hidden with the North Idaho attorney." (ECF No. 361-1 at 14).

- Bruce Johnson (appellate counsel) refused to "present the defense of his client's choice," "inventing accusations of his own." (ECF No. 361 at 14).

- Terence Ryan failed to advise the Defendant to remain silent during his interview because "if he misspoke, the information could be used against him in Court." (ECF No. 361-1 at 15).

ORDER - 17

- Frank Cikutovich 1) failed to object or block the evidence of Dr. Cloninger; 2) failed to advise the Defendant to remain silent (ECF No. 361-1 at 15); 3) refused to comply with a directive from the Defendant to "read the complaint of the Interlocutory appeal of 20 December 2011, which accused multiple Court officers of inappropriate conduct."; 4) failed to raise an objection to evidence being included in the record (ECF No. 361 at 19); 5) failed to raise an objection to the deprivation of fundamental rights (ECF No. 361 at 19-21); 6) called a witness during the competency hearing who failed to meet the standards of Federal Rule of Evidence 702; 7) failed to object to the involuntary administration of medication and pretrial detention in excess of 70 days (ECF No. 361 at 20); and 8) failed to raise an objection to an unconstitutional statute.
- Jeffrey Finer (appellate counsel) 1) "hijacked the appeal, refusing to present the defense the Defendant desired, authored and directed to be presented to the Court." (ECF No. 361-1 at 18); and 2) involuntarily waived Defendant's right to speedy trial by telling the Ninth Circuit at oral argument that "the Defendant had waived his right to speedy trial."

Viewed against the record as a whole, Petitioner's conclusory allegations of ineffective assistance of counsel warrant summary dismissal. Petitioner's claims are meritless as they are premised upon his misguided belief that he had a right to dictate trial strategy. The Motion and the lengthy files and records of the case conclusively

show that cannot satisfy either the "performance" or "prejudice" prong and surmount *Strickland*'s high bar.

### K. Claim Fourteen - Remedy

Petitioner's last asserted ground for relief does not state a claim but suggests a remedy (retrial) if he were successful on his § 2255 Motion. As the court's initial screening process summarily dismisses all claims asserted in the §2255 Motion, the claim regarding available remedies is moot.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence (**ECF No. 361**) pursuant to § 2255 is **DENIED**. The court also DECLINES to issue a certificate of appealability because the court finds that reasonable jurists would not find the court's determination of the Motion debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006). Petitioner is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a

show that cannot satisfy either the "performance" or "prejudice" prong and surmount *Strickland*'s high bar.

### K. Claim Fourteen - Remedy

Petitioner's last asserted ground for relief does not state a claim but suggests a remedy (retrial) if he were successful on his § 2255 Motion. As the court's initial screening process summarily dismisses all claims asserted in the §2255 Motion, the claim regarding available remedies is moot.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence (**ECF No. 361**) pursuant to § 2255 is **DENIED**. The court also DECLINES to issue a certificate of appealability because the court finds that reasonable jurists would not find the court's determination of the Motion debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006). Petitioner is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a

copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED this 1st day of June, 2017.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT JUDGE

ORDER - 20